UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 14-50-SDD-RLB |
| DANNIESA HUGHES SANDERS | |

## RULING

This matter is before the Court on the *pro se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3882(c) Based on Retroactive Amendment 782 of the United States Sentencing Guidelines*[1] filed by Defendant, Danniesa Sanders ("Defendant"). The Government has filed an *Opposition*[2] to the motion.

On May 15, 2014, the Defendant was indicted by a federal grand jury in a seven-count *Indictment* charging the Defendant in Count One with conspiracy to distribute and possess with the intent to distribute cocaine and cocaine base and Count Six with possession with the intent to distribute 28 grams or more of cocaine base and cocaine.[3] The Defendant was charged on October 2, 2014 by *Superceding Indictment* with the same counts.[4] On February 19, 2015, in a *Superceding Bill of Information*,[5] the Defendant was charged with misprision of a felony, to which she pled guilty pursuant to a *Plea*

---

[1] Rec. Doc. No. 200.
[2] Rec. Doc. No. 203.
[3] *See* Rec. Doc. No. 1.
[4] Rec. Doc. No. 82.
[5] Rec. Doc. No. 120.
33080

*Agreement*[6] on March 18, 2015. On September 10, 2015, the Defendant was sentenced to a term of imprisonment of 15 months to be followed by a term of supervised release of one year.[7]

On April 10, 2014, the United States Sentencing Commission ("USSC") voted to reduce the guidelines on drug trafficking offenses. Amendment 782 became commonly known as the "drugs minus two" amendment as it provided for a two level across the board reduction in offense level at USSG § 2D1.1(c). This Amendment went into effect on November 1, 2014. On July 18, 2014, pursuant to its authority under 28 U.S.C. § 3582(c)(2), the USSC voted to give retroactive effect to Amendment 782. The USSC determined this guideline amendment would be applied retroactively to offenders sentenced under prior versions of the Guidelines Manual.

The Defendant, who is currently scheduled to be released from the Bureau of Prisons on October 25, 2016, filed this motion seeking a reduction in sentence under Amendment 782 based on its retroactive application. However, in this case, Defendant was sentenced after November 1, 2014 and, pursuant to Defendant's presentence investigation report filed July 9, 2015, the November 1, 2014 edition of the Guidelines Manual was used to determine her offense level. Therefore, because the Defendant was sentenced after the imposition of Amendment 782, she is not eligible for retroactive application of the Amendment as she received the benefit of a reduced sentence when the Court calculated the offense level using the most current Guideline Manual.

---

[6] Rec. Doc. No. 135.
[7] Rec. Doc. No. 191.
33080

Accordingly, Defendant's *Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3882(c) Based on Retroactive Amendment 782 of the United States Sentencing Guidelines*[8] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on June 28, 2016.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[8] Rec. Doc. No. 200.
33080